UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNICAL LED INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BVGA MIPOW (USA) CO., LTD,<br><br>Defendant. | Case No. 19-cv-00393-JCS<br><br>**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 29 |

On January 6, 2020, Plaintiff Technical LED Intellectual Property, LLC ("Technical LED") filed an administrative motion to file under seal supplemental evidence in support of its motion for default judgment. *See* Admin. Mot. (dkt. 29). In a federal civil action, documents "more than tangentially related to the underlying cause of action"—a standard met here for documents offered to prove Technical LED's damages—may be filed under seal only for "compelling reasons." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–99, 1101 (9th Cir. 2016). Requests to file under seal "must be narrowly tailored to seek sealing only of sealable material," which often requires redactions rather than sealing of documents in their entirety. *See* Civ. L.R. 79-5(b).

For most of the documents at issue, the only basis for sealing stated in the accompanying declaration of Technical LED's attorney is that non-parties Amazon and Best Buy designated the documents as confidential when they produced them to Technical LED in response to subpoenas. *See* Heidelberger Decl. (dkt. 29-1). Parties' private agreement to designate material as confidential is not alone sufficient to show compelling reasons to depart from the presumption of public access to judicial proceedings. Moreover, the Court discerns no threat of harm for disclosure of, or other compelling reason to seal, Amazon and Best Buy's sales contact

information for Defendant BVGA Mipow (USA) Co. Ltd. and sales figures for the particular line of allegedly infringing "smartbulb" products at issue in this case, which make up a de minimis fraction of the business conducted by two of the country's largest electronics retailers. *See* Ex. 1-M (dkt. 29-6) (summary chart indicating total sales of less than $500,000 for each retailer across several years and products at issue). The administrative motion to seal those documents is DENIED, without prejudice to Amazon and Best Buy filing their own motions to seal.

Technical LED is ORDERED to serve a copy of this order on Amazon and Best Buy by any means reasonably calculated to provide actual notice, and to file proof of such service in the record of this action no later than March 24, 2020. If Amazon or Best Buy believes that compelling reasons warrant sealing of the documents at issue, they may file their own motions no later than March 31, 2020. If no such motions are filed by that deadline, Technical LED shall file the documents in the public record no later than April 7, 2020.

The Court also notes that Technical LED failed to file copies of certain Excel spreadsheets at issue in the record of this action. Docket entries 29-2 through 29-5, for Exhibits 1-C, 1-D, 1-E, and 1-H, indicate that the files at issue were delivered to chambers on a thumb drive. Documents that cannot be filed electronically via ECF must be manually filed with the Clerk's office pursuant to Civil Local Rule 5-1(f). When Technical LED files these documents in the public record—or if the Court grants leave to file them under seal on a motion by Best Buy or Amazon—Technical LED must comply with that local rule.

The only document at issue that does not pertain to Amazon or Best Buy sales information is Exhibit 1-O, which includes Technical LED's confidential settlement agreements with other alleged infringers. The PDF version of that document filed in the ECF record at docket entry 29-7 cannot be opened. Because that document has not yet been effectively filed, the motion to file under seal is DENIED, without prejudice to Technical LED filing a renewed motion with an accessible copy of the document attached no later than March 31, 2020.

**IT IS SO ORDERED.**

Dated: March 17, 2020

JOSEPH C. SPERO
Chief Magistrate Judge