UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNICAL LED INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BVGA MIPOW (USA) CO., LTD,<br><br>Defendant. | Case No. 19-cv-00393-SI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 19, 35 |

Now before the Court is a motion for default judgment filed by plaintiff Technical LED Intellectual Property, LLC ("Technical LED") against defendant BVGA Mipow (USA) Co., Ltd., and Magistrate Judge Spero's Report and Recommendation regarding that motion. For the reasons set forth below, the Court ADOPTS Judge Spero's Report and Recommendation and GRANTS in part and DENIES in part the motion for default judgment.

**DISCUSSION**

Technical LED is the assignee of U.S. Patent No. RE41,685 (the "'685 patent"), titled "Light Source with Non-White and Phosphor-Based White LED Devices and LCD Assembly." Compl. ¶ 1 & Ex. A. Technical LED alleges that Mipow "has been and is infringing the '685 patent . . . by making, using, providing, supplying, distributing, selling, and/or offering for sale products . . . including its playbulb smart lights and similar type assemblies, comprising a light source that infringes one or more claims of the '685 Patent and particularly . . . claims 10 through 14 . . . ." *Id.* ¶ 7.

This case was originally assigned to Magistrate Judge Spero. The Clerk entered default against Mipow on April 8, 2019, and on June 29, 2019, Technical LED filed a motion for default

judgment. Dkt. Nos. 10, 19. Judge Spero held a hearing on the motion on August 9, 2019, during which he directed Technical LED to submit additional evidence regarding its claims for damages resulting from Mipow's infringement. Dkt. No. 23. After receiving several extensions, Technical LED filed a supplemental brief and evidence on January 6, 2020. Dkt. No. 28.

On April 28, 2020, Judge Spero issued a detailed Report and Recommendation recommending that Technical LED's motion be granted in part and denied in part, and that a judgment of $88,352.73 be entered. Dkt. No. 35. Judge Spero found that jurisdiction was proper and that service of process upon Mipow was adequate. *Id.* at 5-6. Judge Spero also found that it was appropriate to award default judgment after an analysis of the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *Id.*

With regard to damages, Judge Spero recommended that Technical LED recover $51,749.30, or 9% of Mipow's revenue from sales of allegedly infringing products in royalty damages for the period before Mipow was notified of the '685 patent (2015-October 19, 2018). *Id.* at 7-8. Judge Spero recommended that Technical LED's request for treble damages for the full period of infringing sales be denied because the complaint does not allege that Mipow knew about the '685 patent between 2015, when it began selling infringing products, and October 19, 2018, when it was notified of the '685 patent by Technical LED. *Id.* at 8-9. However, with regard to the period after Technical LED notified Mipow of its patent, Judge Spero recommended enhancing the damages award by doubling the reasonable royalty rate to 18%, for an additional $9,105.94 in royalty damages, for a total damages amount of $60,855.24. *Id.* at 9-11.

Judge Spero recommended denying Technical LED's request for injunctive relief, finding that Technical LED had not explained what irreparable injury it suffers as a result of Mipow's infringement that cannot be compensated by monetary damages. *Id.* at 12-13.

Judge Spero recommended awarding a total of $17,800 in attorneys' fees and paralegal fees pursuant to 35 U.S.C. § 285, which reflected a reduction in billing rates to account for various aspects of how this litigation was handled. *Id.* at 13-14, including footnote 3. Judge Spero recommended granting Technical LED's request for costs in the amount of $9,697.49. *Id.* at 14-15.

Finally, Judge Spero recommended denying Technical LED's request to hold two Mipow

employees personally liable for Mipow's infringing conduct, noting *inter alia* that neither individual was mentioned in the complaint or named as a defendant. *Id*. at 15.

Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(c), this case was reassigned to the undersigned judge. No party filed an objection to the Report and Recommendation, and the docket reflects that the Report and Recommendation was served on defendant's registered agent for service of process. Dkt. Nos. 40 & 41.

The Court agrees with Judge Spero's analysis and hereby ADOPTS the Report and Recommendation and GRANTS in part and DENIES in part the motion for default judgment. The Court will enter a separate judgment awarding plaintiff a total of $88,352.73, consisting of $60,855.24 in monetary damages, $17,800 in attorneys' fees and paralegal fees, and costs in the amount of $9,697.49.

**IT IS SO ORDERED**.

Dated: June 5, 2020

_____
SUSAN ILLSTON
United States District Judge